# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

RICARDO GARCIA-VELASQUEZ,                    Case No. 05-CR-183
a/k/a Ricardo Garcia,

  v.

RAUL GARCIA-VELASQUEZ,                       Case No. 05-CR-184
a/k/a Raul Garcia,

  v.

LUIS CONTRERAS-GALLEGOS,                   Case No. 05-CR-185
a/k/a Rudolpho Gallegos,

  v.

GREGORIO MEDINA-TADEO,                      Case No. 05-CR-186
a/k/a Eugenio P. Lopez,

  v.

MIGUEL A. DELGADO-GALVAN,                  Case No. 05-CR-187
a/k/a Miguel Delgado,

  v.

ERIC MIGUEL-CRUZ,                                Case No. 05-CR-188

       Defendants.

---

## ORDER DISMISSING INFORMATION

---

On July 22, 2005, the government filed a separate, but similar, information against each of the defendants, charging that each of the defendants is an alien who, between the period from January 1, 2005, to July 20, 2005, knowingly eluded examination and inspection by immigration officers. At the time the government filed the informations, the defendants were being held in custody by agents of the Bureau of Immigration and Customs Enforcement ("BICE"). The government notified BICE officials to bring the defendants to federal court for a combined initial appearance, arraignment and plea hearing on the information. No warrant or summons for any defendant was issued. At this first appearance, the defendants were advised of the charge and penalty, advised of their rights and were temporarily detained, pending a detention hearing. In addition, each defendant entered a plea of not guilty.

Then, on July 25, 2005, the government filed an amended information with respect to all of the defendants except Eric Miguel-Cruz. The amended informations are identical to the original informations, except that the names and aliases of the defendants were altered. Detention hearings as to all defendants were scheduled to commence before this court on July 26, 2005. As to the five defendants against whom the government filed amended informations, the court intended to conduct a second arraignment and plea hearing. Hearings as to Ricardo Garcia-Velasquez, Gregorio Medina-Tadeo, and Eric Miguel-Cruz were conducted first.

Before the court addressed the matter of detention or release, defense counsel challenged the legal propriety of the informations, contending that they were not properly supported by a finding of probable cause. The attorney for the government conceded that no finding of probable cause had been made, and the defendants moved to dismiss on that basis. The government opposed the defendants'

motions and took the position that informations, such as these charging a misdemeanor offense, need not be supported by a finding of probable cause unless the government seeks a warrant or a summons.

As the court stated at the July 26, 2005 hearings, the government's position fails to find support in the federal rules. Federal Rules of Criminal Procedure 9 and 58 are instructive. Rule 9 describes the process required to properly bring a defendant before the court to answer charges contained in an information or indictment. Rule 9 requires that

> [t]he court must issue a warrant—or at the government's request, a summons—for each defendant named in an indictment or named in an information if one or more affidavits accompanying the information **establish probable cause** to believe that an offense has been committed and that the defendant committed it.

FED. R. CRIM. P. 9(a)(emphasis added).

Rule 58, which is tailored to petty offenses and misdemeanors, describes the defendant's appearance before the court and is in accordance with the procedures described in Rule 9. Rule 58 reads, in pertinent part, as follows:

> (d)(3) Summons or Warrant. Upon an indictment, **or upon a showing by one of the other charging documents specified in Rule 58(b)(1) of probable cause to believe that an offense has been committed and that the defendant has committed it**, the court may issue an arrest warrant or, if no warrant is requested by an attorney for the government, a summons. The showing of probable cause must be made under oath or under penalty of perjury, but the affiant need not appear before the court. If the defendant fails to appear before the court in response to a summons, the court may summarily issue a warrant for the defendant's arrest.

(emphasis added.). An information is "one of the other charging documents specified in Rule 58(b)(1)" and must, therefore, be supported by probable cause.

In the present case, the government never sought a warrant or a summons. Instead, the government simply notified BICE officials of the informations that had been filed and requested that the defendants be brought to court. This shortcut method of securing the presence of a defendant in

3

court violates Rules 9 and 58, and it is clearly not contemplated therein. This is more than a procedural error, because the government's actions entirely bypassed a finding of probable cause. Such a finding is <u>always</u> required, regardless of the means by which the defendant is brought before the court to answer charges in an information. Probable cause is the reason that a defendant is required to make a court appearance. The government cannot circumvent the probable cause requirement simply because the defendant is readily accessible.

At the July 26 hearing, the attorney for the government offered to present an agent in order to establish probable cause. Even though the government might have been able to establish probable cause to support the informations, to do so after the fact—after the defendants were detained for four days and required to answer charges alleged in the invalid information—would in essence sanction the improper procedures employed by the government.

For all of these reasons, the court entered the following order at the July 26, 2005 hearing:

**IT IS THEREFORE ORDERED** that the defendants' motions to dismiss are **granted.** The informations in case numbers 05-CR-183, 05-CR-184, 05-CR-185, 05-CR-186, 05-CR-187, and 05-CR-188 are **dismissed** without prejudice**.**

SO ORDERED.

Dated at Milwaukee, Wisconsin, this <u>27th</u> day of July, 2005.

s/<u>AARON E. GOODSTEIN</u>
United States Magistrate Judge
